**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Robin M. Akins,

    Plaintiff,

v.

Experian Information Solutions, Inc. and

Farmers Furniture Company of Dublin,
d/b/a Farmer's Furniture

    Defendants.

Case No.: _____

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff, Robin Marie Akins, is natural person who resides in Newton County, Georgia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant, Farmer's Furniture Company of Dublin, d/b/a Farmer's Furniture (hereinafter "Farmers") does business in Georgia and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

4. Defendant Experian Information Solutions, Inc. (hereinafter Experian) is a credit bureau doing business in Georgia and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

5. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for any state law claims arises under 28 U.S.C. § 1367.

6. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. On May 5, 2011 the Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 11-63877. The Plaintiff received a discharge of her her debts by Order of that Court dated October 23, 2014.

8. Among the debts discharged was a debt owing to Farmers.

9. On or about March 25, 2015 Plaintiff obtained a copy of her credit report as published by Experian.

10. That report contained erroneous information as provided by Farmers and published and reported by Experian. Specifically, the Defendants reported that plaintiff's account with Farmers was "charged off" as of June, 2011. The account was not shown charged-off at any other time prior to the Plaintiff's filing her Chapter 13 and, in fact, before that time she had only been 30 days delinquent.

11. The defendants continued to report the account as charged off each and every month thereafter through at least September, 2014.

12. The reporting described above in paragraph 10 and 11 were both false and misleading. (<u>Lovern,</u> FTC Informal Staff Opinion Letter, June 3, 1998.)

13. The report published by Defendant Experian also listed under "public Records" three separate judgments that had been recorded against Plaintiff in Newton County, Georgia Superior and Magistrate Courts. These judgments were for various amounts and were for debts incurred prior to Plaintiff's bankruptcy filing.

14. In a letter dated March 26, 2016, Plaintiff disputed the inaccurate and misleading information to both Defendants and advised both Defendants of the specific facts that rendered the reporting inaccurate and misleading. Specifically, with the respect to the inaccurate information reported regarding judgments recorded against the Plaintiff, Plaintiff advised Defendant Experian that each of these judgments were included in her bankruptcy case and discharged thereby. Moreover, Plaintiff advised Defendant Experian that each of these judgments had been the subject of a Bankruptcy Court Order avoiding any lien created by the judgments and provided the dates of the issuance of those Orders. A copy of this Dispute Letter is attached as Exhibit A.

15. With respect to the reporting by Defendant Farmer's, Plaintiff specifically identified the misleading reporting and requested its removal from her credit report.

16. Defendant Experian, upon information and belief, communicated all relevant information regarding Plaintiff's dispute to Defendant Farmer's Furniture.

17. Defendant Farmers has a duty to investigate the dispute and accurately report its findings to Defendant Experian.

18. Experian had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the trade-line information notwithstanding the information it received from Defendant Farmers.

19. The Defendants are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared database.

20. In a document dated April 7, 2015 Defendant Experian advised Plaintiff that it had researched Plaintiff's dispute and that the item was being reported correctly. Defendant Experian provided a copy of the trade-line as reported that reproduced the errors identified by the Plaintiff originally. A copy of these documents are attached as Exhibit B.

21. Each and both of the Defendants, independently and jointly, breached their duties as described above.

22. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that she is subject to significant liability for judgments was not appropriately deleted or modified.

23. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that her account with Farmers was "charged off" as opposed to "discharged" was not corrected.

24. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i

26. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

27. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

28. Defendant Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

29. As a result of Defendant Experian violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

30. Defendant Experian actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

31. Plaintiff is entitled to recover costs and attorney's fees from Defendant Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)
### (Farmer's Furniture)

32. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

33. Defendant Farmers willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

34. As a result of Farmers violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to her credit rating and

emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

35. Farmers actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

36. Plaintiff is entitled to recover costs and attorney's fees from Defendant Farmers pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

   a.) Plaintiff's actual damages;

   b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

   c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o; and

   d.) Such other and further relief as may be just and proper.

Respectfully submitted this 6th day of May, 2015.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 400
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com